**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES ARTHUR COOPER,

     Defendant-Appellant.

No. 97-4181
(D.C. No. 95-CR-169C)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

---

Defendant/Appellant Charles Arthur Cooper ("Cooper") was convicted of

being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g) and of

possession of an unregistered firearm, in violation of 26 U.S.C. § 5861. Cooper

claims that the district court denied him of his right to present a complete defense

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

by refusing to allow him to present evidence related to his mental state.  We have jurisdiction over this appeal under 18 U.S.C. § 1291, and we affirm.

## Background

The facts underlying this appeal are not in dispute.  Police officers in Moab, Utah responded to a call that a man had been seen brandishing a sawed-off shotgun during an altercation with a woman outside a convenience store; the woman identified the man as Cooper, and indicated that he was an acquaintance of hers. (See Tr. Rec. Vol. II at 20-24, 27.)  Officers apprehended Cooper at a Moab trailer park. (See id. at 24-35.)  In Cooper's vehicle officers found a loaded sawed-off shotgun, two loaded pistols, and an unloaded rifle. (See id. at 43-50.)  Cooper, who stipulated that he was a convicted felon, was indicted with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and with one count of possession of an unregistered weapon, namely the sawed-off shotgun, in violation of 26 U.S.C. § 5861(d) and 26 U.S.C. § 5871.  At trial, Cooper sought to present evidence of the effect on him of the death of his girlfriend's step-son, Paul Plumb, whose death had been attributed by the police to a hit-and-run accident, but which Cooper believed to be an intentional homicide.  The district court limited the admission of evidence of Cooper's mental state to only that evidence tending to show that he did not know  he was in possession of a firearm or that he did not know the characteristics of the firearm.

(See Tr. Rec. Vol. II at 91-97.) The district court refused to allow any evidence offered in support a justification defense or to show that Cooper was so agitated that he did not think about being a restricted person. (See id.) The district court concluded that Cooper's motive for carrying a firearm was not relevant to the issue of his knowledge that he was in possession of a firearm or his knowledge of the characteristics of that firearm. (See id.)

## Discussion

In his brief on appeal, Cooper acknowledges that § 922(g) is a general intent crime, and that the motive for the possession of a gun by a felon is irrelevant to that crime. (See Aplt. Br. at 5-6.) At trial, Cooper waived the affirmative defenses of insanity, duress, and justification. (See Tr. Rec. 8/18 at 87-97.) Thus, on appeal Cooper is limited to arguing that the district court erred in refusing to allow him to present evidence that would tend to show that his mental state precluded him from forming the requisite general intent to possess a gun.

We review the district court's evidentiary rulings for abuse of discretion. See United States v. Janusz, 135 F.3d 1319, 1323 (10th Cir. 1998). It is clearly established law in this circuit that in order for the government to obtain a conviction for violation of § 922(g)(1) it need only prove that "(1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." United

- 3 -

States v. Mains, 33 F.3d. 1222, 1228 (10th Cir. 1994). Not only must the government prove that the defendant knew he had possession of a gun, it must also prove that he was aware of the "'the particular characteristics that made his gun a statutory firearm.'" United States v. Reed, 114 F.3d 1053, 1056-57 (10th Cir. 1997) (quoting Mains, 33 F.3d at 1229). However, the defendant's motive for possessing a weapon is irrelevant to the crime. See United States v. DeSoto, 950 F.2d 626, 632 (10th Cir. 1991) (citing cases).

On appeal, Cooper challenges his conviction only on the grounds that the district court's ruling interfered with his ability to put on evidence tending to show that because of his disturbed mental state he did not have sufficient knowledge for conviction under this statute. However, in response to Cooper's request to present evidence of his mental state, the district court indicated that Cooper could present any evidence, including his own testimony, that was relevant to the issue of his inability to form the intent to possess a weapon and his lack of knowledge of the characteristics of the weapon. (See Tr. Rec. Vol. II at 87-97.) Cooper called four lay witnesses, all of whom testified, inter alia, about the death of Paul Plumb and its effects upon Cooper's mental state. (See id. Vol. II at 13-19; 28-34; 56-59; 65-68.) Moreover, at the end of trial the court instructed the jury, inter alia, that in

order to find Cooper in violation of § 922(g) the jury had to find that he "knew he was possessing a firearm."[1]  (Supp. Vol. I Jury Instuction #10.)

The district court did not abuse its discretion in ruling that it would allow only evidence of the effect of the death of Paul Plumb upon Cooper's ability to know that he was in possession of a gun and his knowledge of the characteristics of the gun as a firearm.  Indeed, it appears on the record before us that the district court did nothing to limit the presentation of such evidence, even reminding Cooper that he could testify as to the effects of this upsetting event on his mens rea if he wished. (See Tr. Rec. Vol. II at 91-92,97.)

In addition to evidence of the effect of Plumb's death upon his mental state, Cooper argues on appeal that the district court's ruling prevented him from presenting the following evidence in support of his argument that he lacked the requisite mens rea for the crime: (1) his lengthy stay in jail just prior to the crime and (2) his suffering of extreme paranoia along with delusions that he heard the voices of dead prison inmates. (See Aplt. Br. at 6.)  However, it is not evident in the record on appeal that Cooper ever made a specific offer detailing to the district court the content, source, and relevance of this evidence.  Thus, Cooper may not

---

[1] We also note that although Cooper was allowed to put on evidence tending to show that his agitated mental state interfered with his mens rea, he did not request a jury instruction on the issue of his mental state at the time of the crime.

complain on appeal that the district court's generalized ruling on the type of evidence that would not be allowed prevented him from presenting this specific evidence at trial. See Janusz, 135 F.3d at 1323 ("'Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which the questions were asked.'") (quoting Fed. R. Evid. 103(a)(2)).

For the reasons stated above, we AFFIRM.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge